UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DOUGLAS LONGHINI,

    Plaintiff,

v.

GATOR ONE, INC.,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, DOUGLAS LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues GATOR ONE, INC., (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, GATOR ONE, INC., owned a place of public accommodation at 9740 Griffin Road, Cooper City, Florida 33328 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

6. At all times material, Defendant, GATOR ONE, INC., was and is a Florida Profit Corporation organized under the laws of the State of Florida, with its principal place of business in Miami Lakes, Florida.

7. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property and restaurant business is located in Broward County, Florida, Defendant regularly conducts business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

8. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

9. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and property.

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11. Plaintiff, DOUGLAS LONGHINI, is an individual with disabilities as defined by and

pursuant to the ADA. Plaintiff uses a wheelchair to ambulate. Plaintiff, DOUGLAS LONGHINI, has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

12. Defendant, GATOR ONE, INC., owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the business therein, exterior, and interior paths of travel.

13. Mr. Longhini is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

14. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Mr. Longhini is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

15. The individual Plaintiff frequents the Commercial Property, including a visit on April 20, 2023, and continues patronage through the filing of this complaint. The Plaintiff has encountered multiple ADA violations that directly affected his ability to use and enjoy the Commercial Property and the business located therein. He often visits the Commercial Property in order to avail himself of the goods and services offered there because it is near other businesses and restaurants he frequents as a patron. He plans to return to the Commercial Property within two (2) months of the filing of this Complaint in order to avail himself of the goods and services offered

at the places of public accommodation and check if it has been remediated of the ADA violations he encountered.

16.     The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of each of the premises.

17.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and business located within the Commercial Property. The barriers to access at the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUGLAS LONGHINI, and others similarly situated.

18.     Defendant, GATOR ONE, INC., owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, GATOR ONE, INC., is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, GATOR ONE, INC., owns and/or operates is the Commercial Property and business located at 9740 Griffin Road, Cooper City, Florida 33328.

19.     Plaintiff, DOUGLAS LONGHINI, has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the

Commercial Property, not only to avail himself of the goods and services available at the Commercial Property, but to assure himself that the Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

20. Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I - ADA VIOLATIONS AS TO DEFENDANT, GATOR ONE INC.

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, GATOR ONE INC., has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A. Parking and Exterior Accessible Route

  i. The Plaintiff had difficulty exiting the vehicle, as accessible spaces lack clear and level aisles. Violation: Accessible spaces have slopes or cross slope of 3.6% (>2%), violating the ADAAG and ADAS Section 502, whose resolution is readily achievable.

  ii. The Plaintiff had difficulty exiting the vehicle, as accessible spaces are not located on firm, stable and level slip-resistant surfaces preventing safe use. Violation: Accessible spaces contain a running slope that is >4%, violating the ADAAG and

5

        2010 ADAS Section 502, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

    i. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are no compliant routes from transit, sidewalk, and parking areas to access Dunkin. The route from the sidewalk at Dunkin contains a cross slopes that are >6%, which violate the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405, and 406, whose resolution is readily available.

    ii. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: Accessible routes at Dunkin have a 5.6% cross slopes (>2%) creating hazardous conditions in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

C. <u>Access to Goods and Services – Dunkin #350543</u>

    i. The Plaintiff could not use the exterior dining tables as they lack the required knee and toe space clearance. Violation: Table knee and toe spaces are too high (27" minimum) and deep (17" minimum), violating Section 902.3 of the 2010 ADAS and Sections 4.32.4, 5.2, and 5.4 of the ADAAG, whose resolution is readily achievable.

D. <u>Restrooms – Dunkin 350543</u>

    i. The Plaintiff had difficulty using the sink as it is mounted too high. Violation: Sinks are mounted 35" (34" maximum) to rims, violating Section 606 of the 2012 ADAS and Section 4.19 of the ADAAG, whose resolution is readily achievable.

    ii. The Plaintiff had difficulty using the grab bars as there is a low-mounted toilet

      paper dispenser which prevents its use. Violation: The toilet paper is mounted 4.75" above grab bar, violating Section 609.3 of the 2010 ADAS and Section 4.26 of the ADAAG, whose resolution is readily achievable.

   iii.   The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: Toilet has improper centerline 18.5" from side wall (16" to 18"), violating Section 604.2 of the 2010 ADAS and Section 4.16.2 of the ADAAG, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

23. The discriminatory violations described in the Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUGLAS LONGHINI, from further ingress, use, and equal enjoyment of the Commercial Business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

24. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant, Defendant's building, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff,

and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

25. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their places of public

accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if any Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its businesses, located at and/or within the commercial property located 9740 Griffin Road, Cooper City, Florida 33328, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cure the violations of the ADA.

WHEREFORE, the Plaintiff, DOUGLAS LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications

are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 8, 2024

Respectfully submitted,

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553- 3464
Facsimile: (855) 205-6904
Primary Email: ajperez@lawgmp.com
Secondary Email: bvirues@lawgmp.com
jreyes@lawgmp.com

By: ___/s/ Anthony J. Perez_____
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713